IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CIVIL ACTION NO. 10-0253-CG-N |
| v. | ) | |
| | ) | CRIMINAL ACTION NO. 07-0241-CG |
| JUPITER LOUIS HOWELL, | ) | |
| | ) | |
| Petitioner. | ) | |

REPORT AND RECOMMENDATION

This matter is before the court on petitioner's Motion to Vacate, Set Aside or Correct Sentence (doc. 86) and the government's Motion to Dismiss (doc. 89), as well as the petitioner's brief in support of his habeas motion (doc. 87), petitioner's brief (doc. 91) in opposition to the government's Motion to Dismiss, and, pursuant to court order (doc. 92), the parties' supplemental submissions (docs. 93, 94) addressing the possible application of equitable tolling to the one-year limitations period of 28 U.S.C. § 2255(f). These matters have been referred to the undersigned for appropriate action pursuant to 28 U.S.C. §636 (b) and Local Rule 72.1(c). Upon a thorough review of the submissions of the parties and the record as a whole, it is recommended that petitioner's Motion to Vacate, Set Aside or Correct his Sentence be Denied, that the government's Motion to Dismiss be Granted, and that judgment be entered in favor of the Respondent.

I. Background

On December 18, 2008, Howell was sentenced to 188 months imprisonment following his guilty plea to one count of possession with intent to distribute more the 50 grams of crack cocaine, marijuana and cocaine, and one count of conspiracy to pass forged postal money orders. Judgment was entered on December 19, 2008. Howell did not file a direct appeal, and his

conviction thus became final on January 6, 2009. Howell presented the instant petition to prison authorities for mailing on May 12, 2010, more than four months after the one-year limitations period expired.

Petitioner alleges that he was transferred from jail to jail for a year after his conviction and sentence became final, and that during this time he was either kept at jails that did not have legal materials or that he was not at the jails that had libraries long enough to be allowed access. He alleges that, during the entire one-year limitations period, he was without access to a law library.[1]

## II. Analysis

Congress, as part of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), established a one-year limitations period for Motions to Vacate, Set Aside or Correct Sentence pursuant to 18 U.S.C. § 2255. See 28 U.S.C. § 2255. Plaintiff seeks asks the court to toll that period in his case because he lacked access to a law library during the year after his judgment became final.

---

[1] Petitioner states in his supplemental response to the Motion to Dismiss:

1. First Jail I was sent to was Love Joy, GA in Atlanta, and you had to fill out a cop/out to use the law library and I did, but didn't stay long enough to be able to visit the law library. 2. Second Jail Ocilla, Georgia and did not have any legal material or law library for inmates. 3. Third I was at Metro County Jail, and they also did not have a law library so I was unable to visit one during my stay at these jails, and then I was transfer[red] to Perry County where I tried to get my legal papers but I was sent back to Yazoo Federal Prison before my legal papers arrived. From Love Joy to Ocilla, to the Metro, I was in transit for 1 year with no access to any legal law library or books, material typewriters to perform my legal work to timely respond pursuant to the 1 y[ear] statute of limitations.

The United States Supreme Court has determined that the one-year limitations period is not jurisdictional, and is subject to equitable tolling in certain cases. Holland v. Florida, --- U.S. ----, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010). However, equitable tolling of the AEDPA's statute of limitations is applied sparingly. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir.2006). In Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999), the Eleventh Circuit stated that "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both **beyond his control and unavoidable even with diligence**." (emphasis added); *see* Drew v. Dep't of Corr., 297 F.3d 1278, 1283 (11th Cir. 2002) (same). Thus, in order for a petitioner to be entitled to equitable tolling, he must show that (1) he was pursuing his rights diligently; and (2) that "extraordinary circumstances" stood in his way, which prevented his timely filing. 130 S. Ct. at 2562. Equitable tolling is an extraordinary remedy that is reserved for exceptional circumstances and typically applied sparingly. Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009) (*citing* Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir.2005), *aff'd*, 549 U.S. 327, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007).). Petitioner bears the burden of showing that equitable tolling is appropriate under the particular facts of his case. Drew, at 1286.

The Supreme Court has held that a prisoner has a constitutional right to access to the court, and that the lack of access to legal research materials or trained assistance or some other similar means of preparing his claims may state a claim of constitutional violation if the inmate demonstrates that the lack kept him from accessing the court. *See* Lewis v.Casey, 518 U.S. 343, 352 (1996). This ruling "did not create an abstract, freestanding right to a law library or legal assistance." Id. at 351. The inmate must demonstrate actual injury, and that requirement "is not satisfied by just any type of frustrated legal claim. Id. at 354. A petitioner claiming equitable

estoppel due to lack of access to a law library must demonstrate that the lack of access to legal materials kept him from timely filing his petition. *See* Paulcin v. McDonough, 259 Fed.Appx. 211, 212 (11th Cir. 2007) (denial of equitable tolling not abuse of discretion; lack of access to law library and legal papers for as much as ten months of one-year limitations period were not shown to be extraordinary and petitioner failed to allege how lack of access thwarted his efforts to file a timely petition.); Miller v. Florida, 307 Fed.Appx. 366, *1 (11th Cir. 2009) citing Akins v. United States, 204 F.3d 1086, 1089-90 (11th Cir.2000) ("[E]ven restricted access to a law library, lock-downs, and solitary confinement do not qualify as [extra]ordinary circumstances warranting equitable tolling.") [2]

Petitioner Howell has not made such a showing in this case. Rather, he states simply that he did not have access to a law library, but does not attempt to demonstrate that this prevented him from filing a habeas petition. The pending § 2255 motion raises two simple, non-technical issues: (1) that petitioner should have received a reduction under the sentencing guidelines for acceptance of responsibility, and (2) that petitioner's attorney was ineffective for failing to press that issue. There is nothing about petitioner's claims which indicates that he could not have filed his petition within the limitations period despite the lack of access to legal research materials. In addition, after petitioner reached a jail at which he could access the law library, the record reflects that more than four months passed before he filed his petition. This demonstrates that the inability to research the applicable law was not solely responsible for the delay in filing the

---

[2] "He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint." Lewis, at 351.

petition and thus, equitable tolling is not warranted in this action.[3]  *See* Dodd 365 F.3d 1273 ,

1283 (11th Cir. 2004)[4] ("Dodd has not shown with any degree of particularity what efforts he

made that would even arguably constitute an appropriate degree of diligence for someone in his

situation. Nor, finally, has he demonstrated why, if he had acted with the diligence plainly

required to trigger the doctrine of equitable tolling, he could not have filed within the one-year

period.")

*Certificate of Appealability/In Forma Pauperis*

Pursuant to the changes to Rule 11 of the Rules Governing Section 2255 Proceedings

which became effective December 1, 2009, the court addresses the appealability of the

recommended denial of plaintiff's habeas petition.  "A [COA] may issue only if the applicant has

made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).  To make

such a showing, a defendant "must demonstrate that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S.

274, 282, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004) (*quoting* Slack v. McDaniel, 529 U.S. 473,

484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)), or that "the issues presented were 'adequate to

---

[3]  In the alternative, the government argues that petitioner's claims are so lacking in merit as to be frivolous.  Specifically, the government notes that, according to the presentence report, petitioner was either found in possession of, or was suspected of possession of, contraband, including marijuana while in custody, and thereafter tested positive for marijuana use, and that this precluded him from receiving an adjustment for acceptance of responsibility.  *See* U.S.S.G. § 3E1.1, comment. (n. 1(b)); and United States v. Pace, 17 F.3d 341 (11th Cir. 1994) (holding that defendant was properly denied two-level decrease for acceptance of responsibility on ground that defendant had used marijuana while on release pending sentencing).  While this argument appears meritorious, the undersigned does not reach the merits of petitioner's claims.

[4] In Dodd, the petitioner argued for equitable tolling on the grounds that he was transferred to a different facility and detained there for over ten months without access to his legal papers.  In finding the circumstances were not extraordinary such that equitable tolling would be applicable, the court noted that petitioner never claimed his detention was unconstitutional, inappropriate, or outside of routine practice. 365 F.3d at 1283.

deserve encouragement to proceed further,' " Miller-El v. Cockrell, 537 U.S. 322, 335-36, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983)).

In the undersigned's view, petitioner's arguments seeking to excuse the untimeliness of his petition are without any potential merit under established precedent. He has failed to demonstrate that extraordinary circumstances existed, or how they prevented him from making a timely filing, and has failed to demonstrate diligence in protecting his rights. His failure precludes application of equitable estoppels in this case. This determination is not such that jurists of reason could disagree nor are the issues presented adequate to deserve encouragement to proceed further.

Additionally, the undersigned here addresses the related issue of whether any appeal of an order adopting this Report and Recommendation and denying habeas relief may be brought *in forma pauperis*. An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); *see* Fed.R.App. P. 24(a)(3)(A); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000) (concluding that "good faith" is "an objective concept" and that "not taken in good faith" is "a synonym for frivolous"); DeSantis v. United Techs, Corp., 15 F.Supp.2d 1285, 1288-89 (M.D.Fla.1998) (stating that good faith "must be judged by an objective, not a subjective, standard" and that an appellant "demonstrates good faith when he seeks appellate review of any issue that is not frivolous"). An appeal filed *in forma pauperis* is frivolous if "it appears that the Plaintiff has little to no chance of success," meaning that the "factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). For the foregoing reasons, the undersigned recommends that the court find no possible good faith basis for appeal

of the denial of the petitioner's habeas claims, and thus that no appeal of such a ruling may be brought *in forma pauperis*.

## Conclusion

The undersigned recommends that the court find that Howell's petition was untimely and that his claim of equitable tolling is without merit.

Accordingly, it is hereby RECOMMENDED that the court GRANT the government's Motion to Dismiss Howell's habeas petition as untimely, and enter judgment in favor of respondent on that petition. It is further RECOMMENDED that the court deny petitioner a Certificate of Appealability and decline to certify this action for an appeal in forma pauperis.

The attached sheet contains important information regarding objections to the Report and Recommendation.

DONE this 19th day of October 2010.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. Objection. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. ' 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's reccomendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added) A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. Transcript (applicable where proceedings tape recorded). Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson